IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DEBRA R. THOMPSON | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) C.A. No. 18-1236-MN-MPT<br>)<br>) |
| STATE OF DELAWARE DEPARTMENT<br>OF SERVICES FOR CHILDREN, YOUTH,<br>AND THEIR FAMILIES;<br>ALISON McGONIGAL;<br>KARRYL McMANUS; ANGELA PORTER;<br>JOSETTE MANNING | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

# REPORT AND RECOMMENDATION

**I.    INTRODUCTION**

This matter arises from plaintiff Debra R. Thompson's First Amended Complaint against State of Delaware Department of Services for Children, Youth, and their Families ("DSCYF"), and DSCYF employees Alison McGonigal, Karryl McManus, Angela Porter, and Josette Manning (collectively, "defendants").[1]  Thompson filed an initial complaint on August 13, 2018, which was dismissed without prejudice on September 5, 2019.[2]  Thompson filed the First Amended Complaint on September 24, 2019,[3] alleging she was terminated from her employment at DSCYF in violation of her

---

[1] D.I. 31 ¶ 2.
[2] D.I. 30 at 2.
[3] D.I. 31 ¶ 1.

right to due process under the Fourteenth Amendment of the Constitution of the United States, subjecting defendants to liability under 42 U.S.C. § 1983.[4] Plaintiff also brings state law claims for wrongful termination, breach of contract, and a violation of Delaware's Whistleblowers' Protection Act in connection with her termination.[5] Presently before the court is defendant's October 22, 2019 motion to dismiss the First Amended Complaint.

This Report and Recommendation addresses whether plaintiff adequately pled her allegations. For the reasons discussed herein, the court recommends defendants' motion to dismiss be granted.

## II. BACKGROUND

### A. Parties

Plaintiff Debra R. Thompson is a citizen of Pennsylvania and former employee of DSCYF.[6] Individual defendants Alison McGonigal, Karryl McManus, Josette Manning, and Angela Porter were DSCYF employees with varying levels of supervisory authority over plaintiff at times pertinent to this action.[7]

### B. Background

Plaintiff began her employment with DSCYF as an Education Supervisor in July 2016.[8] On February 7, 2017, defendants McGonigal and McManus issued a performance evaluation plan detailing plaintiff's employment to that point,

---

[4] *Id.* ¶ 52.
[5] *Id.* ¶¶ 73-93.
[6] *Id.* ¶ 2.
[7] *Id.* ¶¶ 4-7.
[8] *Id.* ¶ 11.

acknowledging that her performance met expectations.[9]  Later that month, plaintiff was informed that defendant Porter would replace her as Education Supervisor, pursuant to an order by the Merit Employee Relations Board ("MERB") that Porter be reinstated to the position, which she held previous to plaintiff's hiring.[10]  As Porter became Education Supervisor, plaintiff agreed to fill the role of Transition Coordinator, beginning on or about March 20, 2017.[11]  In May 2017, plaintiff was hospitalized for emergency surgery and began disability leave until October 2017.[12]  Plaintiff contends that on June 5, 2017, defendants extended her one-year probationary period by six months, but because plaintiff was not informed of the extension, it was "without force or effect."[13]

Plaintiff returned to work in October 2017, now reassigned to a teaching position at Terry Psychiatric Children's Center.[14]  Defendants informed plaintiff that certain credentials were required in order to perform said position.[15]  Plaintiff went on disability leave again in January 2018.[16]  In April 2018, defendant Porter recommended that plaintiff's employment be terminated for failing to obtain the required teaching certifications.[17]  Plaintiff filed a grievance later that month and was given until June 30, 2018 to acquire the necessary credentials.[18]  Plaintiff was unable to do so and her

---

[9] *Id.* ¶ 18.
[10] *Id.* ¶ 20.
[11] *Id.* ¶ 29.
[12] *Id.* ¶ 38.
[13] *Id.* ¶ 32.
[14] *Id.* ¶ 41.
[15] *Id.* ¶¶ 40, 42.
[16] *Id.* ¶ 41.
[17] *Id.* ¶ 44.
[18] *Id.* ¶ 45.

employment was terminated on July 2, 2018.[19]

Plaintiff filed the instant First Amended Complaint on September 24, 2019. Defendants filed a motion to dismiss the complaint for failure to state a claim upon which relief can be granted, pursuant to FED. R. CIV. P. 12(b)(6), on October 22, 2019.

## III. STANDARD OF REVIEW

FED. R. CIV. P. 12(b)(6) governs a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. The purpose of a motion under Rule 12(b)(6) is to test the sufficiency of the complaint, not to resolve disputed facts or decide the merits of the case.[20] "The issue is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims."[21] A motion to dismiss may be granted only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to the plaintiff, plaintiff is not entitled to relief."[22] While the court draws all reasonable factual inferences in the light most favorable to a plaintiff, it rejects unsupported allegations, "bald assertions," and "legal conclusions."[23]

---

[19] *Id.* ¶ 47.
[20] *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).
[21] *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotations and citations omitted); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 n.8 (2007) ("[W]hen a complaint adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder.").
[22] *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (citing *Burlington*, 114 F.3d at 1420).
[23] *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (citations omitted); *see also Schuylkill Energy Res., Inc. v. Pa. Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997) (citations omitted) (rejecting "unsupported conclusions and unwarranted inferences"); *Associated Gen. Contractors of Cal., Inc. v. Cal. State*

4

To survive a motion to dismiss, a plaintiff's factual allegations must be sufficient to "raise a right to relief above the speculative level . . . ."[24] Plaintiffs are therefore required to provide the grounds of their entitlement to relief beyond mere labels and conclusions.[25] Although heightened fact pleading is not required, "enough facts to state a claim to relief that is plausible on its face" must be alleged.[26] A claim has facial plausibility when a plaintiff pleads factual content sufficient for the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.[27] Once stated adequately, a claim may be supported by showing any set of facts consistent with the allegations in the complaint.[28] Courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint, and matters of public record when reviewing a motion to dismiss.[29]

## IV. ANALYSIS

### A. Count I: Violation of the Fourteenth Amendment

Count I alleges a violation of the Fourteenth Amendment by DYSCF and

---

*Council of Carpenters*, 459 U.S. 519, 526 (1983) ("It is not . . . proper to assume [plaintiff] can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged.").

[24] *Twombly*, 550 U.S. at 555 (citations omitted); *see also Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (citing *Twombly*, 550 U.S. at 555).

[25] *See Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

[26] *Twombly*, 550 U.S. at 570; *see also Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) ("In its general discussion, the Supreme Court explained that the concept of a 'showing' requires only notice of a claim and its grounds, and distinguished such a showing from 'a pleader's bare averment that he wants relief and is entitled to it.'") (quoting *Twombly*, 550 U.S. at 555 n.3).

[27] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

[28] *Twombly*, 550 U.S. at 563 (citations omitted).

[29] *See, e.g., Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted).

individual defendants in their official capacities for the deprivation "of property rights without substantive and procedural due process of law . . . entitling [p]laintiff to reinstatement and other prospective equitable relief and damages under 42 U.S.C. § 1983."[30]

### 1. Eleventh Amendment Bars Recovery of Damages

As discussed in the Memorandum Order dismissing plaintiff's initial complaint, Count I must be dismissed as to DSCYF and the individual defendants to the extent plaintiff seeks monetary damages.[31] The Memorandum Order notes that a "[s]tate is immune from suits brought in federal courts by her own citizens."[32] Unless a state explicitly consents, "the eleventh amendment bars a civil rights suit in federal court that names the state as a defendant."[33] Such prohibitions extend "to suits against departments or agencies of the state having no existence apart from the state."[34] As the Memorandum Order explained, "a suit against a state official in his or her official capacity . . . is a suit against the official's office [and, as] such, it is no different from a suit against the State itself."[35] As a result, claims for monetary damages brought under 42 U.S.C. § 1983 against the state "are barred by the Eleventh Amendment."[36]

Despite these prohibitions, the Eleventh Amendment does not bar claims for

---

[30] D.I. 31 ¶ 54.
[31] D.I. 29 at 5.
[32] *Id.* (citing *Edelman v. Jordan*, 415 U.S. 651, 662-663 (1974)).
[33] *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981).
[34] *Id.*
[35] D.I. 29 at 5. (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989)).
[36] *Id.* (citing *Stones v. McDonald*, 7 F. Supp. 3d 422, 433 (D.Del.), *aff'd*, 573 F. App'x 236 (3rd Cir. 2014)).

prospective injunctive relief, including potential employment reinstatement.[37] Plaintiff's request for reinstatement in Count I is viable under the Eleventh Amendment if adequately pleaded.[38]

## 2. Plaintiff's Claim Under § 1983 is Not Adequately Pled

Plaintiff fails to adequately plead that terminating her employment at DSYCF constitutes the deprivation of substantive or procedural due process in violation of the Fourteenth Amendment to the Constitution of the United States. Plaintiff is therefore ineligible for relief under 42 U.S.C. § 1983.

The Memorandum Order discusses the standard by which a potential violation of substantive and procedural due process of law is determined:[39]

> To prevail on a substantive due process claim challenging a state actor's conduct, 'a plaintiff must establish as a threshold matter that [s]he has a protected property interest to which the Fourteenth Amendment's due process protection applies.'[40] 'Not all property interests worthy of procedural due process protection are protected by the concept of substantive due process,' however.[41] The Third Circuit has stated that public employment is not a fundamental right entitled to substantive due process protection.[42]

Because plaintiff was a public employee, she may not make out a substantive due process claim relating to demotion or termination. Public employees may,

---

[37] *Id.* at 6 (citing *Stones*, 7. F. Supp. at 433; *Koslow v. Commonwealth of Pennsylvania*, 302 F. 3d 161, 179 (3d Cir. 2002)).
[38] *Id.*
[39] *Id.* at 6-7.
[40] *Nicholas v. Pennsylvania State Univ.*, 227 F.3d 133, 139-40 (3d Cir. 2000).
[41] *Reich v. Beharry*, 883 F.2d 239, 244 (3rd Cir. 1989).
[42] *See Nicholas*, 227 F.3d at 143 (holding that "public employment is a wholly state-created contract right; it bears little resemblance to other rights and property interests that have been deemed fundamental under the Constitution").

however, claim that a termination deprived them of their right to procedural due process under the Fourteenth Amendment. To prevail on such a "claim under 42 U.S.C. § 1983, a plaintiff must plead: (1) deprivation of an individual interest in 'life, liberty, or property' under the Fourteenth Amendment, and (2) a failure to provide 'due process of law'."[43] To successfully assert a property right—the deprivation of which would violate § 1983—a plaintiff must have a legitimate claim of entitlement as created by state law.[44] This may arise from a "state statute or regulation or . . . from government policy or a mutually explicit understanding between a government employer and an employee."[45]

Plaintiff contends that DEL. CODE. ANN. tit. 29 § 5922(b), which details the procedures followed upon the conclusion of a state employee's probationary period, creates an entitlement "to continued employment throughout the probationary period and appointment as a permanent employment [sic], unless the appointing authority finds unsatisfactory performance."[46] The text of § 5922 states if "the probationary employee's services were satisfactory or no action taken within the probationary period, the appointment shall be deemed permanent."[47] Plaintiff alleges her probationary period was extended for six months without her knowledge in June 2017, and contends it is therefore "without force or effect."[48] Despite this, plaintiff later asserts throughout

---

[43] D.I. 29 at 7 (citing *Hill v. Borough of Kutztown*, 455 F.3d 225, 234-35 (3d Cir. 2006)).
[44] *See Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972); *see Elmore v. Cleary*, 399 F.3d 279, 282 (3d Cir. 2005).
[45] *See Carter v. City of Philadelphia*, 989 F.2d 117, 120 (3d Cir. 1993) (citing *Robb v. City of Philadelphia*, 733 F.2d 286, 292 (3d Cir. 1984)).
[46] D.I. 31 ¶ 53.
[47] DEL. CODE. ANN. tit. 29 § 5922(b) (West 2007).
[48] D.I. 31 ¶¶ 31-32.

the First Amended Complaint that her "employment as a probationary employee . . . was a property right protected by the law and Constitution fo the United States."[49]

Neither the Delaware Code nor the Delaware Merit Employee Relations Board Rules require employees be notified that their probationary period was extended in order for it to be valid.[50] Defendants considered plaintiff to be a probationary employee at the time of her termination pursuant to their request for extension on June 5, 2017, and as such, there existed no "mutually explicit understanding" that plaintiff could only be fired for cause. The Delaware Code provides that "a probationer may be discharged or reduced in class or rank,"[51] while Rule 9.2 of the MERB states that "[e]mployees may be dismissed at any time during the initial probationary period." An unsatisfactory finding of an employee's performance is not required to discharge an employee during the probationary period, and no property right enabling an employee to relief under § 1983 is created during this time.[52] Plaintiff has failed to adequately plead that she was not a probationary employee at the time of her discharge, and therefore did not possess the requisite right to continued employment as required by claims under § 1983.

To the extent that plaintiff's claim rests on an alleged violation of MERB Rule 2.1,

---

[49] *Id*. ¶¶ 53, 56, 60, 66, 70
[50] MERB Rule 9.1 provides that "[u]pon the DHR Secretary's approval, probationary periods may be extended," but does not require that the employee be notified in order for the extension to take effect.
[51] DEL. CODE. ANN. tit. 29 § 5922(a) (West 2007).
[52] *See Bartal v. Borough of Laureldale*, No. 07–2951, 2008 WL 2469172 (3d Cir. June 20, 2008) (holding that an employee did not have a "property right in his employment, as he was still under the veil of probation and was, therefore, an employee-at-will at the time of his termination").

her argument also fails. Rule 2.1 protects employees from discrimination "because of race, color, national origin, sex, religion, age, disability, sexual orientation, gender identity, genetic information or other non-merit factors." Plaintiff believes that Porter's reinstatement to the Education Supervisor role, resulting in plaintiff's eventual transfer to a teaching position, constitutes a "non-merit factor" within the meaning of Rule 2.1.[53] While the Rules fail to specify other potential "non-merit factors" beyond those listed in Rule 2.1, DEL. CODE. ANN. tit. 29 § 5953 states that discrimination due to "political or religious opinions or affiliations, sexual orientation, gender identity, sex or race" is prohibited.[54] This definition, paired with a common sense reading of MERB Rule 2.1, reveals an intent to protect employees based on their membership in a protected class or group, not to prohibit the transfer of a probationary employee to another position due to the required reinstatement of another employee. Plaintiff further argues that defendants violated MERB Rule 12. "Employee Accountability," as covered by this rule, deals with disciplinary measures. Plaintiff's removal from the Education Supervisor position pursuant to Porter's reinstatement was not a disciplinary measure covered by MERB Rule 12, thus it does not apply to plaintiff.

For these reasons, this court should find that plaintiff has failed to adequately plead an entitlement to continued employment which could serve as the basis for a claim under 42 U.S.C. § 1983 for deprivation of due process. Therefore, defendants' motion to dismiss should be granted as to Count I of plaintiff's First Amended Complaint.

---

[53] D.I. 31 ¶ 53(b).
[54] DEL. CODE. ANN. tit. 29 § 5953 (West 2013).

### B. Counts II-V: Due Process Against Individual Defendants

Counts II, III, IV, and V allege violations of due process by individual defendants Alison McGonigal, Karryl McManus, Angela Porter, and Josette Manning, respectively. As detailed in the Memorandum Order, the "Third Circuit has held that individual state officials or employees can be held liable under § 1983.[55] The requirements for a valid § 1983 claim against individual defendants remain the same as stated in the Memorandum Order: "To establish a § 1983 claim against an individual, a plaintiff 'must demonstrate a violation of a right secured by the Constitution and the laws of the United States [and] that the alleged deprivation was committed by a person acting under color of state law.'"[56]

Consistent with Count I, Counts II through V rely on the existence of an entitlement, as created by a property right to continued employment, and the deprivation of this right in violation of the Constitution of the United States. As discussed *supra*, plaintiff has failed to adequately plead the existence of such a right. Therefore, plaintiff cannot maintain due process claims against individual defendants and Counts II, III, IV, and V should be dismissed.

### C. Counts VI-IX: State Law Claims

Counts VI, VII, VIII, and IX assert state law claims for wrongful termination, breach of contract, promissory estoppel, and a violation of the Delaware Whistleblowers' Protection Act. District courts may exercise supplemental jurisdiction

---

[55] D.I. 29 at 10 (citing *Melo v. Hafter*, 912 F.3d 628, 235 (3d Cir. 1990), *aff'd*, 502 U.S. 21 (1991)).

[56] D.I. 29 at 10 (citing *Barkauskie v. Indian River Sch. Dist.*, 951 F.Supp. 619, 537 (D. Del. 1996); *see Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d. Cir. 1996)).

over all claims that are so related to claims in the action that they are part of the same case or controversy under Article III of the Constitution.[57] The court, however, may decline to exercise supplemental jurisdiction if: (1) the claim raises novel or complex issues of state law; (2) the claim substantially predominates over the claim or claims over which the court has original jurisdiction; (3) the district court has dismissed all claims over which it had original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.[58] Determining whether to decline jurisdiction, the court may consider judicial economy, convenience, fairness and comity.[59]

Plaintiff has not raised any considerations of the foregoing justifications for why this court should maintain jurisdiction over her state law claims in light of the recommended dismissal of the claims over which this court has original jurisdiction. Therefore, this court should decline to exercise supplemental jurisdiction over plaintiff's state law claims as permitted by the Federal Rules of Civil Procedure.[60]

## V. Conclusion

For the reasons contained herein, I recommend that:

Defendant's motion for dismissal (D.I. 34) be granted.

Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), FED. R. CIV. P. 72 (b), and D. DEL.

---

[57] *See* 28 U.S.C. § 1367(a).
[58] 28 U.S.C. § 1367(c).
[59] *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 173 (1997) (citations omitted).
[60] 28 U.S.C. § 1367(c) (stating "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction").

LR 72.1, any objections to this Report and Recommendation shall be filed within fourteen (14) days limited to ten (10) pages after being served with the same. Any response shall be limited to ten (10) pages and filed within fourteen (14) days thereafter.

    The parties are directed to the Court's Standing Order in Non-Pro Se Matters for Objections Filed under F<small>ED</small>. R. C<small>IV</small>. P. 72 dated October 9, 2013, a copy of which is found on the Court's website (www.ded.uscourts.gov).

Date: March 10, 2020                        /s/ Mary Pat Thynge
                                                     Chief U.S. Magistrate Judge